[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by Writ, Summons and Complaint returnable to the court on March 13, 2001. The parties have lived separately since the defendant husband ("husband") moved out of the family home on January 5, 2001. The plaintiff wife ("wife") has remained in that home at 104 Kellogg Drive, Wilton, Connecticut, and the two minor children, ELENA (age 10) and ELIZABETH (age 7) reside there with her. The husband is employed as an attorney for General Electric Corporation and earns a base annual salary in excess of $225,000. He is also entitled to a bonus and options. In February of this year, he received a cash bonus of $85,000 as well as income from the exercise of options in the amount of $59,000. The wife is also an attorney at law, licensed in the State of Illinois. She has not practiced law for about ten years so as to devote most of her efforts to raising the two children. She does earn some money as a substitute teacher in Wilton. During the marriage the husband's paycheck was deposited in the joint checking account. In February the husband stopped this practice, and until earlier this summer the parties operated under an informal arrangement whereby the husband deposited limited funds for the benefit of the wife and children. However, a dispute regarding debts and spending has led to the present motion by the wife for pendente lite alimony and child support.
 FINDINGS
The Court, having heard the testimony of the plaintiff, and having considered the evidence presented at hearing, including the financial affidavits of the parties, as well as the factors enumerated in Sections46b-61, 46b-82, 46b-83, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That the gross base income of the husband is at a minimum in excess of $225,000 per annum.
 2. That the presumptive basic child support is $566.00 per week; that the combined net family income of the parties is in excess of the Child Support Guidelines; and that it is equitable and appropriate to deviate from the Child Support CT Page 12396 Guidelines on the basis of the coordination of total family support [46b-215a-3 (b)(5)] and the best interest of the minor children [46b-215a-3
(b)(6)(B)]
 ORDER
IT IS HEREBY ORDERED THAT:
 1. Commencing September 1, 2001, and monthly thereafter, the husband shall pay to the wife the sum of $4,000.00 as and for pendente lite alimony, until the death of either party or further order of court, whichever shall sooner occur.
 2. Commencing September 1, 2001, and monthly thereafter, the husband shall pay to the wife the sum of $5,000.00 as and for pendente lite child support until further order of court.
 3. Commencing September 1, 2001, the wife shall be responsible for the mortgage and other ordinary expenses related to the marital home at 104 Kellogg Drive, Wilton, Connecticut. The Husband shall continue to maintain and pay the premiums for his existing life insurance, and shall be responsible to bring the mortgage current as of September 1, 2001. The husband shall continue to maintain and pay for the existing health insurance for the benefit of the wife and children, and both parties shall share the unreimbursed medical and dental expenses for the children, one-third by the husband and two-thirds by the wife.
 4. The net amount of any bonus or incentive compensation, or the net proceeds from the exercise of any options, after the payment of any ordinary withholding, received by the husband on or after September 1, 2001, shall be held in escrow by him in an interest-bearing account until further order of court or the agreement of the parties.
 5. The Court hereby orders a Contingent Wage Withholding Order pursuant to Section 52-362 C.G.S. in order to secure the payment of the alimony and child support orders.
CT Page 12397
THE COURT
SHAY, J.